IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MARTIN #449422                          *

Petitioner,                                     *

v.                                              *          Civil Action No. WDQ-12-2405

                                                *

ATTORNEY GENERAL OF MARYLAND[1]   *

Respondent.                                     *

MEMORANDUM OPINION

On July 26, 2012,[2] Petitioner Michael Martin filed the instant 28 U.S.C. § 2254 habeas

corpus petition attacking his 1993 Maryland conviction for first-degree murder.[3]  ECF No. 1.

The case, which was filed in the United States District Court for the District of New Jersey, was

transferred to this Court on August 13, 2012. ECF No. 3.  The Respondent filed an answer, ECF

No. 6, and Martin has replied, ECF No. 8.  No hearing is necessary.  *See* Rule 8(a), *Rules*

*Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. §

2254(e)(2).  For the following reasons, the Court will dismiss the Petition as time-barred and

deny a Certificate of Appealability.

I.      Background

        On June 4, 1993, Martin was convicted of first-degree murder by a jury sitting in the

Circuit Court for Baltimore City. ECF No. 6, Ex. 1 at 1, 4; ECF No. 1 at 2.  A life sentence was

---

[1] Martin currently is incarcerated in Trenton, New Jersey.  He names the administrator at that facility and the
Attorney General for the State of New Jersey as Respondents.  The Attorney General of Maryland will be
substituted as the actual Respondent in this case.

[2] The Petition is dated July 11, 2012, and thus is deemed filed on that date.  *See Houston v. Lack*, 487 U.S. 266
(1988); *United States. v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

[3] Martin received a life sentence. ECF No. 6, Ex. 1 at 1, 4; ECF No. 1 at 4-5.

imposed on August 17, 1993. ECF No. 6, Ex. 1 at 1, 4; ECF No. 1 at 2. On July 14, 1994, the Court of Special Appeals of Maryland affirmed the judgment. ECF No. 6, Ex. 1 at 4. Martin did not seek further review in the Court of Appeals of Maryland. Thus, Martin's conviction became final for direct appeal purposes in 1994.

An informal request for sentence modification, directed to the sentencing judge, was denied on February 22, 1996. ECF No. 6, Ex. 1 at 5. On December 26, 1996, Martin filed an application for post-conviction relief in the Circuit Court for Baltimore City. *Id.* Relief was denied on April 29, 1997. *Id.* Martin's application for leave to appeal the denial of relief was rejected by the Court of Special Appeals of Maryland on September 4, 1997. *Id.* at 6.

On May 9, 2000, Martin filed a petition for a writ of error coram nobis, which was denied on June 28, 2000. ECF No. 6, Ex. 1 at 6. Martin did not appeal this ruling, which became final on July 28, 2000.[4]

Martin filed a motion to reopen post-conviction proceedings on May 25, 2006, which was denied on July 10, 2006. ECF No. 6, Ex. 1 at 6. Martin's application for leave to appeal the denial of the motion was summarily rejected by the Court of Special Appeals of Maryland in an unreported opinion filed on January 2, 2007. ECF No. 6, Ex. 2. The appellate court mandate issued on February 8, 2007. ECF No. 6, Ex. 2 at 3.

Another motion to reopen post-conviction proceedings was filed on June 4, 2010, and denied on July 29, 2010. ECF No. 6, Ex. 1 at 8. Leave to appeal was summarily rejected by the appellate court in an unreported opinion filed on April 12, 2012.[5] ECF No. 6, Ex. 3. The mandate issued on May 16, 2012. *Id.* at 3.

---

[4] Maryland Rule 8-202 provides 30 days from the date of judgment to file an appeal.

[5] While leave to appeal was pending, another motion to reopen post-conviction proceedings was filed on August 31, 2010, and denied on October 4, 2010. ECF No. 6, Ex. 1 at 8.

2

II.   Analysis

A.  Standard of Review

28 U.S.C. § 2244(d)[6] provides a one-year statute of limitations in noncapital cases for persons convicted in state court.  This one-year period is, however, tolled while properly filed post-conviction proceedings are pending, and may otherwise be equitably tolled.  *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

In *Holland v. Florida*, 130 S. Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the statute of limitations for post-conviction petitions filed under § 2254.  *Id.* at 2554.  Specifically, the Court found that to be entitled to equitable tolling, the movant must show that (1) he has diligently pursued his rights and (2) some extraordinary circumstance prevented the timely filing.  *Id.* at 2562.  The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case.  *See Harris*, 209 F.3d at

---

[6] Section 2244(d) provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

329-30.[7]

B. The Merits

Martin argues, incorrectly, that the limitations period does not apply to him because he repeatedly sought to reopen post-conviction proceedings to present claims that post-conviction counsel allegedly failed to raise in Martin's first application for post-conviction review. *See generally* ECF No. 8 at 1-8.

Martin's judgment of conviction became final for direct appeal purposes in 1994. Because his conviction became final prior to enactment of the one-year limitations period provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Martin's limitations period began to run on April 24, 1996. *See Brown v. Angelone*, 150 F.3d 370, 375-76 (4th Cir. 1998). By the time Martin initiated post-conviction proceedings on December 26, 1996, 245 days of the 365-day limitations period had elapsed. *See* ECF No. 6, Ex. 1 at 5. By the time post-conviction proceedings became final, Martin had 120 days remaining. *See* ECF No. 6, Ex. 1 at 6. Martin did not seek federal habeas corpus relief within that time, nor did he promptly attempt to reopen state court proceedings, as evidenced by the fact that his petition for writ of error coram nobis was not filed until May 9, 2000. *See id.* His Petition is therefore time-barred under 28 U.S.C. § 2244(d).

Martin also asserts that he is entitled to equitable tolling of the one-year limitations period based on the recent Supreme Court decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Martinez, a convicted felon serving consecutive terms of 35 years to life, filed a writ of habeas corpus seeking relief in federal court, alleging that his trial counsel provided him with ineffective assistance. *Id.* at 1313-14. Because his post-conviction counsel failed to raise that ineffective-

---

[7] *See also Lusk v. Ballard*, No. 2:10cv5, 2010 WL 3061482, at *6 (N.D. W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains "virtually unchanged" after *Holland*).

assistance claim in the first state post-conviction proceeding, an Arizona federal court precluded the claim on procedural grounds. *Id.* at 1315. The U.S. Court of Appeals for the Ninth Circuit ruled that Martinez did not have the right to counsel during his post-conviction proceeding, and concluded that he could not claim ineffective assistance at that stage in order to overcome his procedural default, regardless of whether his post-conviction counsel rendered him ineffective assistance and caused the procedural default that precluded his trial-level claim. *Id.* The Supreme Court reversed, and held that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel. *Id.* at 1321.

Unlike in *Martinez*, the question is not whether Martin's ineffective assistance claims can be examined on the merits; instead, the case turns on whether the allegations contained in the Petition are barred from federal habeas corpus review because the Petition is untimely. *Martinez* did not address equitable tolling in the context of ineffective assistance of counsel and provides no relief here. Martin does not present any argument favoring equitable tolling in this case. The Petition is time-barred under 28 U.S.C. § 2244(d).

C.  Certificate of Appealability ("COA")

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under § 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional

claim, a COA should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Martin has not satisfied this standard, and the Court declines to issue a certificate of appealability.   A separate order follows.

11/7/12
Date

_____
William D. Quarles, Jr.
United States District Judge